JAMES CANN, Judge.
During the month of August, 1951, the claimant, Doyle Andrews, and one Worthy Preston Shock, were partners in a logging enterprise on the Hance Casto farm in Webster county, West Virginia, and were engaged in conveying logs from said farm to Elkins, in Randolph county, West Virginia. On the 31st day of August, 1951, about one o’clock p. m., while claimants’ truck loaded with about 15 medium sized poplar logs and enroute from the above mentioned farm to Elkins, was crossing a state controlled and maintained bridge, known as the Jerry’s Run Road bridge, in Webster county, the bridge broke and collapsed causing the rear end of said truck to go through the bridge. By reason of said accident claimant asks damages to the extent of $121.50.
The record as presented to this court shows that at the time of the accident the truck was hauling a weight of approximately five tons, and was licensed to haul 30,000 pounds, gross weight. The record further discloses that the stringers supporting the floor of the bridge, which were chestnut logs, had deteriorated, causing the collapse of the bridge. The record further reveals that no warning signs of any kind had been posted or placed at the approaches to the bridge, nor were there any signs as to load limits; neither does said record reveal that any inspection of said bridge, as required by our laws, had been made by the road authorities in charge.
This court has held on several occasions that the statute requiring inspection and proper maintenance of bridges, controlled *73 by the state road commission, is mandatory and failure to do so, causing a bridge to become in bad repair, unsafe, and to collapse while being properly used, renders the state liable for damages caused by the neglect of said duty.
The record before this court further reveals that the truck in question was not overloaded; that neither the petitioner nor the driver of this truck knew that the bridge was unsafe or that the stringers which supported it were in a rotten condition, and, further, that nothing appears upon which to base contributory negligence or assumption of risk on the part of claimant.
This claim was concurred in by the head of the state road commission and approved by the attorney general.
A majority of the court is of the opinion that the unsafe condition of the bridge, about which it was not shown that claimant had any knowledge, was the proximate cause of the accident, and the state is therefore morally bound, in view of all the facts and circumstances, to compensate claimant for his loss. Therefore, an award is made in favor of claimant, Doyle Andrews, in the sum of one hundred and twenty-one dollars and fifty cents ($121.50).